# United States Court of Appeals for the Fifth Circuit

———————

No. 23-20598
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 31, 2024

Lyle W. Cayce
Clerk

Kent Vu Phan,

*Plaintiff—Appellant*,

*versus*

Andrew S. Hanen, *Judge*; Sam S. Sheldon, *Magistrate Judge*,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-3670

———————————————————

Before Southwick, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Kent Vu Phan seeks to proceed in forma pauperis (IFP) on appeal from the dismissal with prejudice, under 28 U.S.C. § 1915(e)(2)(B), of his pro se civil action, which the district court found was frivolous and malicious and also barred on grounds of judicial immunity. Phan's IFP motion challenges the district court's determination that the appeal is not taken in

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

In his IFP filings, Phan repeats the central factual allegations of his previous civil action, and he argues that, in dismissing his previous action, the defendants erred and discriminated against him on account of his race. He also asserts that the defendants exploited his disabilities. Additionally, Phan contends that judicial immunity does not apply where it is alleged that judicial officers have violated a litigant's civil rights.

Judges enjoy absolute immunity for judicial acts performed in judicial proceedings. *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.* at 111 (internal quotation marks and citation omitted). Judicial immunity also applies to acts alleged to have been done corruptly. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity is also applicable in cases asserting civil rights violations. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Pierson v. Ray*, 386 U.S. 547, 554-55 (1967).

Phan makes no showing that the district court erred in determining that the defendants, a federal district judge and a federal magistrate judge, are entitled to absolute judicial immunity. Because the absence of a nonfrivolous issue for appeal as to the district court's judicial immunity determination is sufficient to dispose of the instant IFP motion, we will not address any argument that may be gleaned from Phan's pro se IFP filings as to whether the district court erred in dismissing his action as frivolous and

malicious. *See Cooper Indus., Ltd. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 876 F.3d 119, 132 (5th Cir. 2017).

The appeal is without arguable merit and is thus frivolous. *See Howard*, 707 F.2d at 220. Because the appeal is frivolous, the motion to proceed IFP is DENIED, and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202; 5TH CIR. R. 42.2. Phan's motion for the appointment of counsel is DENIED.

Phan was previously warned that additional frivolous or abusive filings would result in the imposition of sanctions, including monetary sanctions. He was also advised to review his pending appeals and to dismiss any that were frivolous. Because he has failed to heed those admonitions, and in view of his extensive history of engaging in frivolous litigation, Phan is ORDERED to pay a sanction of $100 to the clerk of court. Phan is BARRED from filing any pleading in this court or any court subject to this court's jurisdiction until the sanction is paid in full unless he obtains leave of the court in which he seeks to file such pleading.

Additionally, Phan is once again WARNED that the filing of repetitive or frivolous pleadings in this court or any court subject to this court's jurisdiction could result in additional sanctions. He is DIRECTED to review all pending matters and to move to dismiss any that are frivolous, repetitive, or otherwise abusive.